**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

AJAC Incorporated, et al.,

           Plaintiffs,

v.

GBPR LLC, et al.,

           Defendants.

No. CV-26-04740-PHX-DWL

**ORDER**

On July 7, 2026, Plaintiffs AJAC, Inc., and George Brazil IP, LLC (together, "Plaintiffs") initiated this action by filing a verified complaint. (Doc. 1.)  That same day, Plaintiffs filed a motion for preliminary injunction (Doc. 3), a motion for expedited discovery (Doc. 4), an "emergency" motion for a hearing (Doc. 5), and a motion for an order to show cause (Doc. 6).  This action was originally assigned to a different judge but was then reassigned to the undersigned. (Doc. 11.)

Having now reviewed the docket, the Court rules as follows.  To the extent Plaintiffs have made an "emergency" request to set a hearing on their motion for preliminary injunction (Doc. 5), that request is difficult to reconcile with Plaintiffs' motion for expedited discovery, which seeks authorization to engage in various forms of discovery in advance of the preliminary injunction hearing (Doc. 4).  Given that request, the Court cannot set a hearing date at this time.  Instead, it must first resolve the motion for expedited discovery, whose resolution may affect when the hearing takes place.  *Cf. J.P. Morgan Securities LLC v. Chamberlain*, 2022 WL 4094151, *4 (D. Ariz. 2022) (granting request

for expedited discovery where "a preliminary injunction request is pending" and "JPMorgan's purpose (i.e., to obtain evidence necessary to support its pending request for a preliminary injunction on its non-solicitation claim) is legitimate").

Next, to the extent Plaintiffs seek the issuance of an order to show cause "why Defendants should not immediately cease using, in connection with plumbing and electrical services offered by Patrick Riley Cooling Heating & Plumbing or ADPD Holdings, the name 'George Brazil'; the three service marks registered with the United States Patent and Trademark Office at Reg. Nos. 1,290,445, 1,783,635, and 1,774,747; and any confusingly similar marks" (Doc. 6), that is the exact same relief sought in the motion for a preliminary injunction (Doc. 3-2). Plaintiffs make no effort to show why the issuance of an order to show cause is necessary or appropriate in this circumstance.[1] Rule 65(a)(2) contemplates that a party seeking a preliminary injunction will do so via "a motion for a preliminary injunction" and Plaintiffs have filed such a motion. There is no need to separately seek an order to show cause.

As for the procedure going forward, the Court appreciates that Plaintiffs wish to obtain prompt relief, but so do the plaintiffs in other cases. Plaintiffs have not established that the relief they seek is needed more urgently than in any other trademark infringement action in which a preliminary injunction is sought. The typical briefing schedule is already fairly tight for presenting high-quality briefs—pursuant to LRCiv 7.2, a response brief is due 14 days after service of a motion, and the reply brief is due 7 days after that. *Lilith Games (Shanghai) Co. v. uCool, Inc.*, 2015 WL 3523405, *3 (N.D. Cal. 2015) ("The Court understands that Lilith wishes to resolve the issue of preliminary relief as quickly as

[1] It appears that some districts, by local rule, contemplate that a party seeking a preliminary injunction may proceed by way of a request for the issuance of an order to show cause. *See, e.g.*, D.N.J. L. R. Civ. P. 65.1(a) ("Any party may apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue, upon the filing of a verified complaint or verified counterclaim or by affidavit or other document complying with 28 U.S.C. § 1746 during the pendency of the action. No order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit, other document complying with 28 U.S.C. § 1746 or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary."). However, the District of Arizona's local rules do not contemplate the use of this approach.

possible in order to prevent the irreparable harm that Lilith alleges is caused by the continuing sale of uCool's products.  However, Lilith's motion presents complex issues of copyright infringement and trade secret misappropriation in the use of source code in video games, and it seeks an extraordinary form of relief.").  Although there are times, due to extreme urgency, when a drop-everything-and-clear-the-docket approach to scheduling is warranted, Plaintiffs have not established that this is such a case.  To that end, Plaintiffs' invocation of an "emergency" (Doc. 5) is difficult to reconcile with the fact that Plaintiffs did not move for a temporary restraining order and with the allegations in the complaint that the underlying dispute has been brewing since at least mid-2025 (Doc. 1 ¶¶ 64, 67) and that the last relevant acts occurred in May 2026 (*id.* ¶¶ 78, 90), over a month ago.

The Court therefore declines to set an expedited briefing schedule.  The response to Plaintiffs' motion for expedited discovery (Doc. 4) will be 14 days from the date on which the motion is served.[2]  Further briefing on the preliminary injunction is stayed until after the motion for expedited discovery is resolved.  *See, e.g.*, *Lilith Games*, 2015 WL 3523405 at *1 ("[T]he Court stayed briefing on the motion for preliminary injunction pending resolution of . . . discovery motions . . . .").

Accordingly,

**IT IS ORDERED** that:

1.      The "emergency" request to set a hearing (Doc. 5) is **denied**.

2.      The motion for order to show cause (Doc. 6) is **denied**.

3.      Plaintiffs shall serve a copy of the verified complaint and all attachments, a summons, the motion for preliminary injunction and all attachments, the motion for expedited discovery, and this order on Defendants as soon as possible.  Plaintiffs shall also file a certificate of service on the docket within two days of service.

4.      Defendants shall file a response to Plaintiffs' motion for expedited discovery (Doc. 4) within 14 days of the date of service, and replies will be due 7 days thereafter.

---

[2]      Service of process must proceed, or be contemporaneous with, service of the pending motions.

- 3 -

5.      Further briefing on Plaintiffs' motion for preliminary injunction is stayed pending the resolution of the motion for expedited discovery.

Dated this 13th day of July, 2026.

Dominic W. Lanza
United States District Judge