**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

AJAC Incorporated, et al.,

Plaintiffs,

v.

GBPR LLC, et al.,

Defendants.

No. CV-26-04740-PHX-DWL

**ORDER**

On July 7, 2026, Plaintiffs AJAC, Inc., and George Brazil IP, LLC (together, "Plaintiffs") initiated this action by filing a verified complaint. (Doc. 1.) That same day, Plaintiffs filed a motion for preliminary injunction (Doc. 3) and a motion for expedited discovery (Doc. 4). On July 13, 2026, following reassignment, the Court issued an order clarifying that because "Plaintiffs' motion for expedited discovery . . . seeks authorization to engage in various forms of discovery in advance of the preliminary injunction hearing, . . . the Court cannot set a hearing date at this time. Instead, it must first resolve the motion for expedited discovery, whose resolution may affect when the hearing takes place." (Doc. 15.) Since then, Defendants have been served (Docs. 16, 17) and filed a response to the motion for expedited discovery (Doc. 21), and Plaintiffs have now filed a reply (Doc. 22).

"In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *UMG Recordings, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008) (collecting cases). *See also Med Vets, Inc. v. VIP Petcare Holdings, Inc.*, 811 F. App'x 422, 424 (9th Cir. 2020);

*Kulkarni v. Upasani*, 659 F. App'x 937, 941 (9th Cir. 2016). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009). "The party seeking expedited discovery in advance of the Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).

Plaintiffs have not made the required showing here. The overarching problem is the perfunctory nature of Plaintiffs' two-and-a-half-page motion. Although the motion identifies the *quantity* of discovery requests that Plaintiffs hope to pursue—specifically, "Plaintiffs anticipate requesting fifteen (15) Rule 34 requests for production, ten (10) Rule 33 interrogatories, [and] fifteen (15) Rule 36 requests for admission to Defendants and . . . also intend to take a Rule 30(b)(6) deposition of a corporate representative of Defendants" (Doc. 4 at 1-2)—Plaintiffs provide no meaningful details about the *breadth* of those requests or the *purpose* of those requests. Although Plaintiffs assert that "[t]here is evidence supporting Plaintiffs' claims of trademark infringement and unfair competition solely in Defendants [sic] possession, including call records, customer inquiries, marketing materials, complaints, and company policies" (*id.* at 2), that assertion sheds no light on what, exactly, Plaintiffs hope to obtain through their unspecified discovery requests or why pursuing those unspecified requests is necessary in advance of the preliminary injunction hearing. Nor did Plaintiffs provide copies of their proposed discovery requests as an attachment to their motion. As a result, there is simply no way to determine how burdensome it would be for Defendants to comply with those unspecified requests (let

alone comply within the compressed five-day compliance deadline sought by Plaintiffs)—and, as discussed above, breadth, purpose, and burdensomeness are three of the key factors bearing on whether expedited discovery should be allowed.

In *Rovio*, the court encountered a similar situation. There, the plaintiff in a copyright and trademark infringement case sought a preliminary injunction and also "request[ed] leave to take immediate discovery to identify other entities involved in the counterfeiting scheme and to learn the scope of Defendants' distribution of the counterfeit products." 907 F. Supp. 2d at 1089. More specifically, the plaintiff sought permission "to immediately depose the Defendants and to immediately propound requests for production of documents and interrogatories with a command that responses be served within three (3) days." *Id.* at 1099. However, like Plaintiffs here, the plaintiff did not show that the information sought was "needed on an expedited basis to obtain a preliminary injunction." *Id.* at 1099-100. Furthermore, like Plaintiffs here, the plaintiff in *Rovio* failed to describe the scope of those discovery requests or provide copies of them. *Id.* at 1100. The court concluded that the plaintiff's undeveloped request did not establish good cause:

> Without a copy of the proposed discovery requests, the Court cannot determine whether the requests are narrowly tailored such that they would not present an undue burden on Defendants at this stage of the proceedings. In light of Plaintiff['s] showing, the Court is unwilling to burden Defendants with expedited discovery that may be nothing more than superfluous evidence in establishing the elements necessary to obtain a preliminary injunction. While Plaintiff may ultimately be entitled to much of the discovery it seeks later in this case, it has failed to demonstrate that expedited discovery is appropriate at this juncture.

*Id.*

The Court acknowledges that Plaintiffs belatedly discussed, in their reply brief, the purpose and breadth of their discovery requests (Doc. 22 at 3-5) and also belatedly provided, as an attachment, a copy of their proposed discovery requests (Doc. 22-1). But both the discussion and the proposed requests themselves came too late and deprived Defendants of the ability to respond. Perhaps recognizing this, Plaintiffs contend they would not be opposed to allowing Defendants to file a sur-reply. (Doc. 22 at 7-8.) This proposal lacks merit for two reasons. First, it was Plaintiffs' burden to establish good cause

and supply the proposed discovery requests as part of their motion, as opposed to waiting until their reply brief to develop their arguments in any depth. Second, it is apparent to the Court that the most efficient path forward here is not to solicit even more adversarial briefing, but to encourage the parties to meet and confer about how to proceed with respect to Plaintiffs' desire to obtain expedited discovery in pursuit of a preliminary injunction. Perhaps, after meeting and conferring, the parties will be able to come up with a streamlined agreement about how to proceed. And if not, Plaintiffs are free to file a renewed, better developed motion for expedited discovery (or, alternatively, to opt to proceed with the preliminary injunction briefing process).

Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' motion for expedited discovery (Doc. 4) is **denied without prejudice**.

2. The parties shall meet and confer and then file, within seven calendar days of the issuance of this order, a joint report regarding their position(s) as to how to proceed.

Dated this 25th day of August, 2026.

Dominic W. Lanza
United States District Judge